# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KONAN CHIANG, Derivatively on Behalf of FIBROGEN, INC., | ) Case No. 1:21-cv-01811-RGA )   ) |
| Plaintiff, | ) )   ) |
| v. | )   ) |
| ENRIQUE CONTERNO, PAT COTRONEO, CHRISTINE CHUNG, MARK EISNER, JAMES A. SCHOENECK, THE ESTATE OF THOMAS B. NEFF, K. PEONY YU, SUZANNE BLAUG, AOIFE BRENNAN, BENJAMIN F. CRAVATT, JEFFREY L. EDWARDS, JEFFREY W. HENDERSON, MAYKIN HO, THOMAS F. KEARNS JR., GERALD LEMA, RORY B. RIGGS, and KALEVI KURKIJÄRVI, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants, | )   ) |
| -and- | )   ) |
| FIBROGEN, INC., a Delaware corporation, | )   ) |
| Nominal Defendant. | )   ) |

## **UNOPPOSED MOTION TO SUBSTITUTE PLAINTIFF**

Plaintiff Konan Chiang, derivatively on behalf of FibroGen, Inc. ("FibroGen" or the "Company"), respectfully moves the Court for an Order permitting George Assad, a current FibroGen stockholder, to substitute in for Ms. Chiang as a representative plaintiff in the above-captioned action (the "Action").

Pursuant to Local Rule 7.1.1, counsel for all parties to this action have met and conferred regarding this motion. Defendants have indicated that they do not oppose the relief requested herein.

In support of this motion, Ms. Chiang states as follows:

1. Ms. Chiang filed this Action on behalf of nominal defendant FibroGen on December 27, 2021 alleging, among other things, breaches of fiduciary duty against certain current and former directors and officers of FibroGen (the "Individual Defendants" and, together with FibroGen, the "Defendants").

2. Ms. Chiang no longer owns shares of FibroGen and, therefore, may lack standing to sue derivatively on behalf of the Company. *See* Fed. R. Civ. P. 23.1.

3. George Assad, a current FibroGen stockholder, is willing and able to substitute in for Ms. Chiang as a representative plaintiff in this Action.

4. Mr. Assad has reviewed the stockholder derivative complaint (the "Complaint") filed in this Action and has executed a declaration, attached hereto as Exhibit A, verifying the Complaint, attesting to the fact that he understands his role as a representative derivative plaintiff, and stating that he intends to hold FibroGen stock throughout the course of the Action.

5. Case law provides that, where a stockholder plaintiff in a derivative case has sold his or her stock, another qualified stockholder can take over the claims brought on the corporation's behalf. *See, e.g.*, *In re MAXXAM, Inc./Federated Dev. S'holders Litig.*, 698 A.2d 949, 956 (Del. Ch. 1996) (allowing stockholder to intervene as plaintiff because, "in derivative actions where the original plaintiff…lost standing after the action was filed, courts have permitted intervention as a means to cure the standing defect."); *Strategic Asset Mgmt., Inc. v. Nicholson*, 2004 WL 2847875, at *3 (Del. Ch. Nov. 30, 2004) (staying a derivative action that would otherwise be dismissed "in

order to afford an opportunity to any other appropriate [company] shareholder to seek to intervene").

6.  Although Ms. Chiang has sold her stock and may lack standing to maintain derivative claims, Mr. Assad, a current FibroGen stockholder, stands willing and able to maintain the derivative claims on behalf of the Company, the real party in interest. *See Ross v. Bernhard*, 396 U.S. 531, 538 (1970) ("The corporation is a necessary party to the [derivative] action; without it the case cannot proceed. Although named a defendant, it is the real party in interest, the stockholder being at [most a] nominal plaintiff.").

7.  As provided for under applicable case law, Mr. Assad seeks to be substituted in as a representative plaintiff to prosecute the same claims previously brought by Ms. Chiang – derivative claims belonging to FibroGen, seeking to recover for the benefit and on behalf of FibroGen. This action should not be dismissed in these circumstances, where there is a FibroGen shareholder willing and able to pursue the derivative claims on behalf of the Company.

For the reasons stated above, Mr. Assad respectfully requests that the Court enter an Order, substantially in the form attached hereto as Exhibit B: (1) substituting George Assad as the representative derivative plaintiff in this derivative action brought on the Company's behalf; (2) amending the caption to replace Konan Chiang with George Assad; and (3) granting any further relief the Court deems just and proper.

Dated: May 16, 2023                                   Respectfully submitted,

**BIELLI & KLAUDER, LLC**

*/s/ Ryan M. Ernst*
Ryan M. Ernst (No. 4788)
1204 N. King Street
Wilmington, DE 19801
(302) 803-4600
rernst@bk-legal.com

                                        Gregory Mark Nespole
Daniel Tepper
Correy A. Suk
Levi & Korsinsky, LLP
55 Broadway, Suite #427
New York, NY 10006
(212) 363-7500 (Telephone)
(212) 363-7171 (Facsimile)
gnespole@zlk.com
dtepper@zlk.com
ckamin@zlk.com

*Attorneys for Plaintiff*